## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

FELICIA N. JONES,
           Appellant,

      v.

UNITED STATES POSTAL SERVICE,
           Agency.

DOCKET NUMBER
DA-4324-16-0063-I-1

DATE: July 21, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Felicia N. Jones</u>, Houston, Texas, pro se.

<u>Nadalynn F. Hamilton</u>, Esquire, Dallas, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal, in which she alleged such actions as termination and denial of restoration. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant served several temporary appointments with the agency as a casual employee between December 1996 and October 1999. Initial Appeal File (IAF), Tab 9 at 28-67. By letter dated December 10, 2014, the agency notified the appellant that it had learned of a cyber-intrusion into its records and that it was possible that some of her personal information related to the processing of an Office of Workers' Compensation Programs (OWCP) claim had been compromised. IAF, Tab 2 at 129. Thereafter, the appellant filed an equal employment opportunity complaint and a civil action in the U.S. District Court for the Southern District of Texas. *Id*. at 18-127. On October 21, 2015, the appellant filed an appeal with the Board, which was returned to her because she failed to identify the action she was appealing. IAF, Tab 1.

¶3 On October 28, 2015, the appellant refiled her appeal with the Board. IAF, Tab 2. She alleged that the agency terminated her in retaliation for filing a prior complaint alleging discrimination or harassment. *Id*. at 1-2. The appellant appeared to dispute a statement by the agency claiming that she was not terminated, her term of appointment just expired. *Id*. at 2. The appellant also

alleged that the agency discriminated against her by overlooking her military status and by "leaving it out of the Archives for a higher pay grade." *Id*. The appellant attached several documents to her appeal and she claimed to be a preference eligible, but she did not include any documentation showing that she is a veteran or that she is entitled to veterans' preference.

¶4   The administrative judge issued orders regarding the appellant's burden to prove Board jurisdiction over her claims. IAF, Tabs 6, 12, 15. Specifically, she advised the appellant regarding how to establish jurisdiction over claims that the agency violated the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA), retaliated against her for whistleblowing or other protected activity, removed her pursuant to chapter 75 of title 5, and/or failed to restore her to duty following an on-the-job injury. *Id.* Having informed the appellant of her burden of proving jurisdiction under the criteria applicable to the claims identified on appeal, the administrative judge ordered the appellant to show cause why her appeal should not be dismissed for lack of jurisdiction. IAF, Tab 6 at 7, Tab 12 at 6‑7, Tab 15 at 12. After considering the appellant's responses to the jurisdictional orders, the administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction based on the written record, finding that the appellant failed to make a nonfrivolous allegation of jurisdiction. IAF, Tab 21 at 11, Initial Decision (ID).

¶5   The appellant has filed a petition for review arguing that the administrative judge erred by failing to decide the merits of her appeal and by not considering her motion to initiate an addendum proceeding for consequential or compensatory damages. Petition for Review (PFR) File, Tab 1 at 3-4.[2] Without providing any

---

[2] The appellant filed a petition for review with the Board on April 18, 2016, before the initial decision was issued on April 21, 2016. PFR File, Tab 1; ID. After the initial decision was issued, the appellant informed the Clerk of the Board that her April 18,

specifics, the appellant claims harmful error.  *Id*. at 2.  She states that the administrative judge based her decision on erroneous interpretations of statutes and regulations.  *Id*.  The appellant also states that there is new and material, previously unavailable evidence that the Board has jurisdiction over an adverse action based on the denial, suspension, or revocation of a security clearance, but she fails to submit any evidence showing that the agency subjected her to this type of adverse action.  PFR File, Tab 1 at 2, Tab 7 at 3.  The agency has responded to the petition for review, and the appellant has replied.[3]  PFR File, Tabs 5, 7.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  An appellant has the burden of proving by preponderant evidence that her appeal is within the Board's jurisdiction.  5 C.F.R. § 1201.56(a)(2)(i).  In this case, the administrative judge provided the appellant with explicit information on what is required to establish an appealable jurisdictional issue, and we agree with the administrative judge's finding that the appellant's submissions were insufficient to meet her jurisdictional burden regarding the claims that she raised on appeal.  *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643‑44 (Fed. Cir. 1985) (finding that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue).

¶7      We find that the appellant's arguments on review present no basis to disturb the initial decision.  In particular, we find that the administrative judge correctly

2016 correspondence should be considered as her petition for review of the initial decision dismissing her appeal for lack of jurisdiction.  PFR File, Tabs 2‑3.

[3] After the record closed on review, the appellant filed a "Motion for Leave to File Motion for Stay Request."  PFR File, Tab 8.  Because the contents of her motion are immaterial to the outcome of the appeal, we DENY her motion.

determined that the Board lacks jurisdiction over the appeal as an adverse action or a termination under 5 U.S.C. §§ 7511‑7513, given that the appellant failed to provide evidence or nonfrivolously allege that she is a preference eligible or that she met the statutory definition of an "employee." ID at 6‑8. The administrative judge also properly determined that the Board lacks jurisdiction over this case as a restoration appeal because the appellant failed to nonfrivolously allege that the termination of her temporary appointment was the result of her compensable injury. ID at 8‑9. Further, the administrative judge correctly decided that the appeal is outside the Board's purview as an appeal under USERRA because the appellant failed to nonfrivolously allege that she had any active duty military service that would entitle her to file such an appeal. ID at 9‑10. The administrative judge, moreover, properly concluded that the appellant did not raise any other nonfrivolous allegation of Board jurisdiction over her appeal. ID at 10‑11.

¶8        In addition, the appellant's arguments concerning the merits of her claims on appeal, and her request that the Board consider her motion to initiate an addendum proceeding for consequential or compensatory damages, do not address the dispositive jurisdictional issues before the Board on review. PFR File, Tab 1 at 3-4; *see Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶ 7 (2012) (finding that the appellant's arguments on the merits of her appeal were not relevant to the jurisdictional question); *Sanchez v. Department of Homeland Security*, 116 M.S.P.R. 183, ¶ 7 (2010) (finding that, if an appeal is dismissed for lack of jurisdiction, the Board is without authority to order any relief and no order exists for it to enforce). Further, absent an appealable underlying action, the Board is without jurisdiction over the appellant's claims of harmful error. *Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012).

¶9        Finally, we note that the appellant appears to raise new claims for the first time on review. For example, she references the Board's jurisdiction to

adjudicate claims arising under the Veterans Employment Opportunities Act of 1998 and the Board's jurisdiction over a final decision by the Office of Personnel Management regarding retirement annuities. PFR File, Tab 1 at 2-3. However, she provides insufficient information for us to address these claims. *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980) (observing that, before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect, and identify the specific evidence in the record that demonstrates the error).[4]

¶10     Accordingly, we find that the administrative judge properly dismissed this appeal for lack of jurisdiction.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in

---

[4] The appellant may, if she wishes, raise these new claims in the first instance with the Board's regional office. We make no finding on whether, assuming that she were to file new appeals on these claims, they would or would not be deemed timely filed.

title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:              _____
                            Jennifer Everling
                            Acting Clerk of the Board

Washington, D.C.